Allen B. Felahy (SBN 190177)
afelahy@felahylaw.com
Farbod Nourian (SBN 306145)
fnourian@felahylaw.com
**FELAHY TRIAL LAWYERS**
500 North Brand Blvd., Suite 1160
Glendale, California 91203
Telephone: (323) 645-5197
Facsimile: (323) 645-5198

Attorney for Plaintiff
Robert Leposavic, MD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT LEPOSAVIC, MD**, an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>**SHEPPARD MULLIN RICHTER & HAMPTON LLP**, a limited liability partnership; **WHITNEY JONES ROY**, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>   (1) **BREACH OF FIDUCIARY DUTY.**<br>   (2) **PROFESSIONAL NEGLIGENCE.**<br>   (3) **RESTITUTION, FEE FORFEITURE, AND DISGORGEMENT.**<br><br>DEMAND FOR JURY TRIAL |

-1-

COMPLAINT

Plaintiff Robert Leposavic, M.D. ("Plaintiff" or "Dr. Leposavic") complains and alleges as follows:

## THE PARTIES

1.     Plaintiff Robert Leposavic, M.D. ("Plaintiff" or "Dr. Leposavic") is a physician and at all times referenced in this Complaint was a citizen of Nevada.

2.     Defendant Whitney Jones Roy ("Defendant Roy") is an attorney licensed in California and associated with the law of Defendant Sheppard Mullin Richter & Hampton LLP.  At all times referenced in this Complaint, Defendant Roy was a citizen of California.

3.     Defendant Sheppard Mullin Richter & Hampton LLP ("Defendant Sheppard Mullin") is a law firm organized as a limited liability partnership and doing business in Los Angeles County.

4.     At all relevant times, Defendant Roy acted for and on behalf of Defendant Sheppard Mullin, and Defendant Sheppard Mullin is responsible for her conduct under agency, partnership, and ratification principles.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50, inclusive, and therefore sues those defendants by such fictitious names pursuant to Fed. R. Civ. P. 10(a). Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6.     Plaintiff is informed and believes, and thereon alleges, that each Doe Defendant is in some manner responsible for the occurrences alleged herein and that Plaintiff's claims against each Doe Defendant arise out of the same transactions, occurrences, and conduct described in this Complaint.

7.     Plaintiff does not at this time know the identities of the Doe Defendants, but alleges that, through discovery and investigation, their true names and capacities will be ascertained. When their identities are discovered, Plaintiff will seek leave to amend this Complaint to substitute the true names of the Doe Defendants and to allege their acts and omissions with greater specificity.

-2-

COMPLAINT

8. Each Doe Defendant, whether named or unnamed, acted individually and/or jointly with the named Defendants, and the acts of each were within the course and scope of the agency, employment, partnership, and/or joint venture relationships alleged herein.

9. To the extent any Doe Defendant is later identified, Plaintiff alleges that such defendant was a substantial factor in causing the injuries and damages complained of herein

## JURISDICTION AND VENUE

10. This Court has original jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between Plaintiff and Defendants.

11. Plaintiff is, and at all relevant times was, a citizen of Nevada because he was domiciled in Nevada.

12. Defendant Roy is, and at all relevant times was, a citizen of California because she was domiciled in California.

13. Defendant Sheppard Mullin is a limited liability partnership. For diversity purposes, it is a citizen of each state of which any partner is a citizen. Plaintiff is informed and believes, based on information published on Sheppard Mullin's website, https://www.sheppard.com/locations, and on that basis alleges, that none of Sheppard Mullin's partners is a citizen of Nevada.

14. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff made a pre-suit demand of $575,000 and also seeks damages, punitive damages, and broad fee forfeiture/disgorgement.

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Defendants reside in this District and because substantial events giving rise to the claims occurred through Defendants' Los Angeles office and communications from this District.

///

COMPLAINT

16. This action is a direct personal action by Plaintiff. Cura Dermatology Management, LLC ("Cura") is not a party, and Plaintiff does not presently assert derivative claims on Cura's behalf.

### INTRODUCTION

17. This action arises from Defendants' misuse of a direct attorney-client-type settlement communication that Defendant Roy personally initiated with Plaintiff while positioning herself as the lawyer managing the parties' separation from the Cura relationship.

18. California law recognizes that an attorney-client or fiduciary relationship may arise by implication from the attorney's conduct, the nature of the engagement, the directness of the contact, and the reasonable reliance induced by the attorney's actions.

19. That is what occurred here. Defendant Roy did not merely send a one-sided threat letter and wait for opposing counsel. She personally inserted herself into Plaintiff's separation negotiations, initiated a 22-minute call with Plaintiff, solicited his confidential bottom-line settlement position, reduced that position to writing in an email she herself labeled a "CONFIDENTIAL SETTLEMENT COMMUNICATION," and did so in immediate temporal proximity to litigation being launched against Plaintiff.

20. Defendant Roy thereby undertook direct professional duties to Plaintiff. At minimum, she created an implied attorney-client and fiduciary relationship with Plaintiff concerning the settlement discussion and the handling of the information she solicited from Plaintiff.

21. Defendant Roy then breached those duties by using Plaintiff's direct communication to advance a litigation strategy against Plaintiff while never giving a clear, contemporaneous warning during the call that she was dealing with him solely as adverse counsel and that the information he provided would be used only for Cura's benefit.

COMPLAINT

22.    Plaintiff seeks damages and equitable relief for those personal wrongs.

## FACTUAL ALLEGATIONS

23.    Artius Dermatology Associates, PC ("Artius"), operated a dermatology practice at multiple locations throughout the State of California and Nevada providing medical, surgical, and procedural dermatology services to patients, including the diagnosis and treatment of skin cancers.

24.    On or about January 1, 2019, after having been approached for a business opportunity by Thomas Auth ("Auth") who suggested to Plaintiff that he could generate substantial dermatological business by purchasing a medical practice (Artius) from another physician and owning a part of the medical practice's management service organization (Cura), Plaintiff purchased one hundred percent (100%) of the shares of Artius and thirty five percent (35%) of the shares of Cura, with Auth retaining sixty five percent (65%) of the shares of Cura.

25.    Plaintiff held a 35% ownership interest in Cura and was centrally involved in the disputed business relationship among Cura, Artius, and the Lux Dermatology operations.

26.    By August 2025, the relationship had deteriorated and the parties were confronting an active business separation.

27.    On August 18, 2025, Defendant Roy sent Plaintiff a letter stating that Defendant Sheppard Mullin had been retained by Cura in connection with a dispute involving Plaintiff and Artius.

28.    Defendant's August 18, 2025, letter did more than announce representation. It addressed Plaintiff personally, discussed the need to negotiate a separation, addressed his continuing supervisory role, and positioned Defendant Roy as the lawyer handling the separation process in real time.

29.    Defendant Roy knew, from the face of the dispute, that Plaintiff was not a remote bystander. He was the individual whose ownership, role, and separation terms were at the center of the conflict.

COMPLAINT

30.    On August 19, 2025, at approximately 3:10 p.m., Defendant Roy personally initiated a telephone call to Plaintiff.

31.    The call lasted approximately 22 minutes.

32.    During the call, Defendant Roy did not merely convey a demand or direct Plaintiff to counsel.  Instead, Defendant Roy affirmatively engaged Plaintiff in attorney-led settlement negotiations about "potential paths forward" to resolve Plaintiff's business relationship with Cura so the parties could "go their separate ways."

33.    Defendant Roy specifically asked Plaintiff to reveal the actual terms on which he would settle and separate.

34.    In response to Defendant Roy's solicitation, Plaintiff disclosed his confidential settlement position, including:

      a.    that he would agree to be bought out for $3 million;

      b.    that he would consider a payment plan if something were secured; and

      c.    that the transaction would eliminate debt owed to Cura.

35.    Defendant Roy solicited those terms directly from Plaintiff, personally, in a one-on-one lawyer-led conversation.

36.    Defendant Roy knew Plaintiff was trusting her with strategic information concerning the disposition of his ownership and financial interests.

37.    Defendant Roy did not tell Plaintiff during the call that she was speaking solely as adverse counsel and that she was free to exploit the information for Cura's unilateral tactical advantage.

38.    Defendant Roy did not tell Plaintiff during the call that litigation against him had already been prepared for immediate filing or that his communication would be handled solely as ammunition for Cura's benefit.

39.    Under the totality of the circumstances, including Defendant Roy's personal initiation of the call, the nature and specificity of the legal/business advice sought and obtained, the direct contact with Plaintiff about his own ownership and

settlement rights, and the absence of a clear contemporaneous disclaimer, Plaintiff reasonably understood that Defendant Roy had undertaken a direct professional duty in handling the communication.

40.     At 3:47 p.m. on August 19, 2025, Cura, through Defendant Roy and Defendant Sheppard Mullin, filed a complaint in Fresno County Superior Court against Plaintiff and Artius.

41.     Defendant Roy signed that complaint as counsel for Cura.

42.     The timing matters. Defendant Roy's 22-minute call began at approximately 3:10 p.m.; Cura's complaint was filed at 3:47 p.m.; and Defendant Roy's written recap of Plaintiff's settlement position was sent at 3:59 p.m.

43.     That sequence supports the inference that Defendant Roy solicited Plaintiff's settlement position while litigation was being launched against him and without candidly clarifying that she was acting solely in an adverse capacity.

44.     At 3:59 p.m., Defendant Roy sent Plaintiff an email marked "*** CONFIDENTIAL SETTLEMENT COMMUNICATION ***."

45.     In that email, Defendant Roy memorialized Plaintiff's settlement proposal in detail and wrote: "Please review and confirm that I have correctly summarized your offer so that I can relay it to Cura."

46.     Defendant Roy's own wording confirms that she personally solicited, recorded, and transmitted Plaintiff's individualized settlement position.

47.     Defendant Roy's handling of the communication blurred, rather than clarified, the line between adverse advocacy for Cura and duties arising from her direct professional dealings with Plaintiff.

48.     Plaintiff was forced to defend himself in the Fresno action and related proceedings.

49.     Plaintiff incurred attorneys' fees and costs.

50.     Plaintiff lost settlement leverage and suffered economic harm from Defendants' exploitation of his strategic settlement posture.

COMPLAINT

51.     Plaintiff also suffered the invasion of the trust and confidentiality that Defendant Roy's conduct induced and then violated.

52.     In addition, because the engagement was tainted by direct adversity after Defendant Roy undertook duties to Plaintiff, equity requires forfeiture/disgorgement of fees received by Defendants in connection with the challenged conduct.

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against all Defendants)

53.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 52 above as though fully set forth herein.

54.     Defendant Roy created an implied attorney-client and fiduciary relationship with Plaintiff by personally initiating the August 19, 2025 call, soliciting Plaintiff's specific settlement and separation terms, undertaking to reduce those terms to writing, and handling the communication as a confidential attorney-led settlement exchange.

55.     Independently and in the alternative, Defendant Roy undertook a fiduciary obligation to Plaintiff at least for the limited purpose of fairly, candidly, and confidentially receiving and handling the settlement information she affirmatively solicited from him.

56.     Defendant Roy therefore owed Plaintiff duties of loyalty, candor, confidentiality, and fair dealing.

57.     Defendant Sheppard Mullin is liable for Defendant Roy's conduct because Defendant Roy acted within the course and scope of her role with the firm and because the firm ratified and benefited from her conduct.

58.     Defendants breached their fiduciary duties by, among other things:

   a. soliciting Plaintiff's confidential settlement terms without a clear contemporaneous oral disclaimer sufficient to dispel reasonable reliance;

///

b. failing to advise Plaintiff candidly of the extent to which Roy was acting only for Cura when she solicited his settlement posture;

c. using Plaintiff's confidential settlement communication and the negotiation process surrounding it to advance litigation and tactical advantage against him;

d. placing Cura's and Defendants' tactical interests above Roy's direct duties to Plaintiff arising from the relationship she created; and

e. accepting and retaining compensation for a representation infected by disloyalty.

59. As a direct and proximate result of those breaches, Plaintiff suffered damages in an amount to be proven at trial.

60. Defendants acted with oppression, fraud, and malice, or in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages to the extent permitted by law.

## SECOND CAUSE OF ACTION

### Conversion

### (Against all Defendants)

61. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 60 above as though fully set forth herein.

62. Defendant Roy, and through her employment/partnership with Defendant Sheppard Mullin, owed Plaintiff professional duties because Defendant Roy undertook to conduct direct attorney-led settlement negotiations with Plaintiff concerning his personal ownership, separation, and financial position in connection with Cura.

63. Defendants breached the applicable standard of care by:

a. soliciting individualized settlement information from Plaintiff without adequate role clarification;

b. failing to protect Plaintiff from the foreseeable misuse of the information Defendant Roy solicited;

COMPLAINT

c. conducting direct negotiations in a manner that created a substantial risk of misleading Plaintiff about the duties owed to him; and

d. otherwise handling the August 19, 2025, communication in a manner falling below the standard of care expected of attorneys in California.

64. As a direct and proximate result of Defendants' negligence, Plaintiff suffered damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### Restitution, Fee Forfeiture, and Disgorgement

### (Against all Defendants)

65. Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 64 above as though fully set forth herein.

66. Defendants' compensation in connection with the August 2025 dispute and litigation is subject to fee forfeiture and disgorgement because Defendant Roy's conduct toward Plaintiff was disloyal, conflict-tainted, and professionally improper.

67. Equity does not permit attorneys to retain compensation earned through representation infected by serious breaches of loyalty and fiduciary duty.

68. Plaintiff therefore seeks restitution, fee forfeiture, and disgorgement of all fees and compensation Defendants received in connection with the challenged representation, to the maximum extent recoverable by Plaintiff under applicable law.

69. Plaintiff further seeks an accounting sufficient to determine the amount of compensation subject to forfeiture.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment enter in favor of Plaintiff and against Defendants, and each of them, as follows:

1. For compensatory damages according to proof;

2. For restitution, fee forfeiture, and disgorgement according to proof;

3. For prejudgment interest as permitted by law;

4. For punitive damages as permitted by law;

-10-

COMPLAINT

5.    For costs of suit;

6.    For attorneys' fees where recoverable by law.

7.    For an accounting;

8.    For such other and further legal and equitable relief as the Court deems just and proper.


DATED: June 29, 2026                    Respectfully Submitted,

                                        FELAHY TRIAL LAWYERS


                                        *Allen Felahy*
                                        _____
                                        Allen B. Felahy
                                        Farbod Nourian
                                        Attorneys for Plaintiff
                                        Robert Leposavic, MD

-11-

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial of all his claims by jury to the extent authorized by law.

Respectfully Submitted,

DATED: June 29, 2026                    FELAHY TRIAL LAWYERS


_____
Allen B. Felahy
Farbod Nourian
Attorneys for Plaintiff
Robert Leposavic, MD

-12-

COMPLAINT